UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SHERYL ELIZABETH GODWIN, ) | |
| ) | C/A No.: 4:18-cv-0941-TER |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    This matter is before the Court upon Plaintiff's Motion for Attorney's Fees (ECF No. 33) pursuant to the Equal Access to Justice Act (EAJA), see 28 U.S.C. §2412, in which Plaintiff seeks attorney's fees in the amount of $5,795.64 on the basis that she was the prevailing party and that the position taken by the Commissioner in this action was not substantially justified. The Commissioner filed a response indicating that he has no objection to the requested amount of fees.

    Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

    As stated above, the Commissioner does not object to an award of attorney's fees in the amount of $5,795.00. Despite the agreement, the court is obligated under EAJA to determine if the fee is proper. See Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation."). The court concludes that the Commissioner's position was not substantially justified and the fee request of

1

$5,795.00 is appropriate.

Therefore, Plaintiff's Motion for Attorney's Fees (ECF No. 33) is granted, and Plaintiff Sheryl Elizabeth Godwin is awarded $5,795.00 in attorney's fees. These attorney's fees will be paid directly to Plaintiff and sent to the business address of Plaintiff's counsel.[1]

IT IS SO ORDERED.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 23, 2020
Florence, South Carolina

---

[1] The court notes that the fees must be paid to Plaintiff. See Astrue v. Ratliff, 560 U.S. 586 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting the EAJA fees to offset of any pre-existing federal debts); see also Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009) (holding the same).